1  Glenn Wilbor
   8483 Run of the Knolls
2  San Diego, CA 92127
   Cell[1]:  858.449.0541
3

4  Plaintiff *IN PROPRIA PERSONA*

5

6

7

8              **UNITED STATES FEDERAL DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | Glenn Wilbor,          )        Civil Case:  **'21 CV 226   TWR BGS**
   |                        )
   |    Plaintiff,          )        **TCPA COMPLAINT**
12 |                        )
   |    *vs.*               )
13 |                        )
   |                        )
14 |                        )        Jury Trial Requested
   | GG Homes, Inc.         )
15 |                        )
   |    Defendant           )
16 |                        )
   |                        )
17

18       Plaintiff Glenn Wilbor (hereinafter "Plaintiff"), living in San Diego county,

19 hereby files a Complaint and alleges following violations of the Telephone

20 Consumer Protection Act:

21 ///

22

23

24 ─────────────────────────

25 [1] **WARNING TO ANY TELEMARKETER.  IF YOU CALL MY NUMBER FOR SOLICITATION I WILL**

   **SUE YOU.  PUT THE ABOVE NUMBER ON YOUR DO NOT CALL LIST.**

                              TCPA COMPLAINT - 1

## I.   INTRODUCTION

1.     In 1991, Congress passed the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), in response to complaints about certain telemarketing practices.  This civil lawsuit is for both negligent and willful violations of both 47 USC §227(b)(1)(A) and 47 USC §227(c)(5).

2.     Plaintiff states that Defendant has been sued at least five times in federal and state court in San Diego within the past year for TCPA violations.  This is important because the District Judge has the absolute discretion to award treble damages of willful or knowing violations.  Clearly being sued five times in the last year for the exact same violations is both knowing and willful.

3.     Defendant repeatedly sent the following text message from 858-707-7601 (Eric Lucas) to Plaintiff's cellular phone (858-449-0541):

> a.   "Hi Glenn, I'm an investor and contractor in San Diego.  Do you have any off-market deals or packet listings that might make a good "fix and flip" project?  We're buying aggressively in 2021 and you can double end or even triple end the deal! – Eric @ GG Homes"

4.     Cellular phone 858-449-0541 and 858-759-1782, were registered and placed on www.donotcall.gov by Plaintiff.   Plaintiff owns, controls and uses both of these phones that are wireless cellular phones used for personal residential purposes.

Clearly Defendant has been made aware through the duty to check all numbers against this government list each and every month.

5.      In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

6.      Plaintiff hereby alleges that GG Homes directly and through their controlled employees or agents, "called a cellular telephone number [belonging to Plaintiff Glenn Wilbor]; (2) using an automatic telephone dialing system [i.e., an "ATDS," or an artificial or prerecorded voice]; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)).  A text message is considered a call under the TCPA.  Defendant did not have signed written permission or consent to text Plaintiff with spam solicitations.  Plaintiff went further expressly telling Defendant

to "stop" and yet they did not stop.

7.     Defendant sent Plaintiff a text solicitation message to Plaintiff's cellular phone with an ATDS on the following dates:

     a. 1/31/2021

     b. 10/7/2020

     c. 9/29/2020

     d. 2/13/2020

8.     There have been many other spam text messages both before and after the above stated text messages.  Defendant has also been making harassing solicitation telephone calls.

9.     The Federal Trade Commission ("FCC") has been granted the authority to draft and issue regulations implementing the TCPA.  According to findings by the FCC, automated calls and text messages are prohibited under the TCPA because receiving them is a greater invasion of privacy and nuisance compared to live solicitation calls. The FCC has also acknowledged that wireless customers are charged for any incoming calls and text messages.  A text message, like the ones sent by Defendant, were sent by an Automatic Telephone Dialing System that has the capacity to store numbers and dial them automatically.

10.    GG Homes "physically" sent the text messages and placed the unauthorized calls at issue in this lawsuit.  President and CEO Paul Eric Green both told his GG

Homes employee orally and Paul Green sent an email to his GG Homes employee in writing, thus directing, commanding and ordering them to call and text Plaintiff to see if he would buy Defendant's services to enable them in order to "flip" homes for resale. Defendant even offered, as part of their solicitation, to "double end or even triple –end" the commissions.

11.    Further, GG Homes had a direct agency relationship with and control over the person that sent the text messages and placed the illegal calls because they were employees of GG Homes.

12.    The employees of GG Homes are operating in a consensual relationship with permission, request, and instruction as between each of them. That is, the employees of GG Homes are willingly and knowingly making illegal calls and sending illegal spam text massages for a payment of wages. They are voluntarily working together towards a goal.

13.    Plaintiff personally and physically typed his cellular phone number ending in -0541 and -1782 into www.donotcall.gov more than 31 days prior to the first illegal text sent by Defendant GG Homes, thereby personally placing his own phone on the National Do Not Call registry that has been established by the Federal Trade Commission to prevent and prohibit harassing telemarketing calls and text messages.

14.    GG Homes did not have advance written consent from Plaintiff to make any

calls or send any text messages to Plaintiff's phone.

15.     Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant GG Homes, Inc, for negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 et seq. ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

16.     Defendant GG Homes has violated California Business & Professions Code §17593 and §17591 by sending text messages to Plaintiff without prior written consent and without a pre-existing business relationship.  Plaintiff seeks an injunction pursuant to said code sections to prohibit Defendant GG Homes, and its agents, from violating the do not call provision of the FTC.  See Section 310.4(b)(1)(iii)(B) of Title 16 of the Code of Federal Regulations.  Defendant is harassing Plaintiff.

17.     Defendant GG Homes, Inc also used the following phone numbers to run the telemarketing scam:  858-923-4291 on January 31, 2021.

18.     Defendant GG Homes starts their scam with spam text messages without advance written consent of the recipient of the text.  Defendant GG Homes uses a robo-dialer to blast out their text messages and then the follow up with illegal telemarketing calls.

19.     A TCPA defendant is subject to triple damages when their violations are willful or knowing.  Courts have held that prior lawsuits for TCPA violations can create an inference of willful or knowing conduct thus warranting the triple damages afforded by Congress.  To that end, Defendant GG Homes, Inc was sued for violation of the TCPA in 20-cv-1298 JLS WVG, *Charman vs. GG Homes, Inc*. and in 37-2020-00000606, *Aragon vs. GG Homes, Inc*, Stark vs. GG Homes, Inc, 20-cv-1913-JAH-MSB as well as 21-cv-00186-JLS and 21-cv-00209-BAS-AHG.  These 2020 and 2021 lawsuits for illegal spam texting prove that GG Homes, In is continuing to spam text in violation of the TCPA in a willful, knowing, intentional, and malicious manner.

## II.  JURISDICTION AND VENUE

20.     This Court also has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

21.     The Court has ancillary jurisdiction, in its discretion, over any attendant state law claims.  Plaintiff has also now formally put Defendant on notice of Cal. Civ. Code § 1798.150 and will seek leave to amend the causes of action after the 30 day grace period.   This is not a diversity case.

22.     This Court has personal jurisdiction over GG Homes, Inc., because a substantial part of the wrongful acts alleged in this Complaint were committed in

California.

23.     Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §1391(b) and because Defendant does business within the State of California and Plaintiff resides within the County of San Diego.

24.     Defendant GG Homes has purposefully directed its activities into California and have thus enjoyed the benefits and protections of California law.

### III.  PARTIES

25.     Plaintiff, Glenn Wilbor ("Plaintiff"), is an individual and resident in California.

26.     Defendant GG Homes, Inc is a "person" as defined by 47 U.S.C. § 153 (39).

### VI.  FACTUAL ALLEGATIONS

27.     On or about February 13, 2020, Defendant GG Homes, Inc., contacted Plaintiff on Plaintiff's cellular telephone numbers ending in -0541, in an attempt to solicit Plaintiff to engage Defendant's real estate services (flipping homes) and looking for "pocket listings." "Eric" was the name the person on the phone, or so he said.  "Eric" is an employee of GG Homes and works for and under Paul Eric Green.  Paul Green signs "Eric's" paychecks, or it may be the case that Eric is Paul Eric Green or Eric Lucas.   Defendant GG Homes used a pre-printed text paragraph at the beginning of the texts.  Plaintiff gives notice of and reserves the right to amend this complaint as soon as discovery proves that Defendant has also violated

Civil Code §1770(a)(22)(A).  The Court should note that §1770 is not plead as a cause of action as of the time this Complaint was filed.

28.     Upon information and belief, GG Homes has duped a local Title Company into selling it lists of home owners with phone numbers within specified geographical neighborhoods within San Diego that they wish to target.  Then they upload load numbers into their ATDS "Vicidialer" and blast out spam text messages to entire neighborhoods.  Defendant has also misappropriated the MLS database of real estate brokers.

29.     Defendant GG Homes used a "Vicidial" ATDS system to robodial Plaintiff on Plaintiff's cell phone.  Further, an ATDS must be used to send a text message. There is no other way to send a text message but for and by the use of an automatic telephone dialing system in violation of the TCPA (when done for solicitation).

30.     Defendant owns and uses www.ibuysd.com which can be viewed in California.

31.     Defendants (Green and GG Homes) have failed to obtain a bond as required of all telemarketing and robodialing organizations in California.  *See* B&P §17511.1

32.     GG Homes, Inc has been sued for TCPA violations in the past.

33.     GG Homes, Inc has failed to register as a telemarketer in California with the California Department of Justice, and has not paid the fee nor posted the $100,000

bond required to protect consumers like this Plaintiff.

34.     Defendant GG Homes, Inc has failed to obtain a telemarketers bond in California as required by the California Department of Justice.

35.     Plaintiff brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in hopes that an injunction and damages will encourage GG Homes to change their ways.   Plaintiff is suing GG Homes for the directly dialed calls, calls made through their employees, and spam solicitation text messages made by said defendant to Plaintiff's DNC registered phone ending in -0541.  Plaintiff pleads in the alternative, there were other calls through lead generators and this lawsuit is for the direct autodialed calls to Plaintiff's cell phone as well as calls and text messages made by third party agents of GG Homes.

36.     Defendant used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its calls and send the text messages to Plaintiff  seeking to solicit real estate services.

37.     Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

38.     During all relevant times, Defendant did not possess Plaintiff's "prior express consent" to receive calls or texts using an automatic telephone dialing system or an automated telephone dialing system or an artificial or prerecorded voice on a cellular telephone pursuant to 47 U.S.C.§227(b)(1)(A).  At no time did

Plaintiff provide, give or grant express written permission to be called nor to be robo-dialed by Defendant or its agents.

39.   Such calls, as described above, constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's real estate services ("flipping homes").

40.   Plaintiff received numerous solicitation calls from Defendant within a 12-month period.

41.   Defendant continued to call Plaintiff on telephone number -0541 in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA.

42.   Plaintiff pleads in the alternative, that Plaintiff was harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff via his telephone for solicitation purposes, thereby invading the privacy of said Plaintiff whose telephone number was on the National Do-Not-Call Registry. Plaintiff was damaged thereby.

43.   Plaintiff is suing as a person that received numerous solicitation calls from Defendant within a 12-month period, who had not granted Defendant prior express consent and did not have an established business relationship with Defendant.

44.   The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

1    45.    The TCPA makes it unlawful to make telemarketing solicitations to

2    telephone numbers on the National Do Not Call Registry. 47 U.S.C. § 227(c); 47

3    C.F.R. § 64.1200(c)(2).

4    46.    The TCPA provides a private cause of action to persons who receive calls in

5    
6    violation of § 227(c). 47 U.S.C. § 227(c)(5).

7                                    **V. STANDING**

8    47.    The court must evaluate lack of statutory standing under the Rule 12(b)(6)

9    
10   standard. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  However,

11   because Plaintiff is proceeding pro se, his complaint "must be held to less stringent

12   standards than formal pleadings drafted by lawyers" and must be "liberally

13   construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (reaffirming
14   
15   standard for pro se complaints post-*Twombly*). The Ninth Circuit has concluded

16   that the court's treatment of *pro se* filings after *Twombly* and *Iqbal* remain the same

17   and *pro se* pleadings must continue to be liberally construed. *Hebbe v. Pliler*, 627
18   
19   F.3d 338, 342 (9th Cir. 2010); see also *McGowan v. Hulick*, 612 F.3d 636, 640-42

20   (7th Cir. 2010); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010);

21   *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (noting that even following

22   *Twombly* and *Iqbal*, "we remain obligated to construe a pro se complaint
23   
24   liberally").

25   48.    Standing is proper under Article III of the Constitution of the United States

of America because Plaintiff's claims state:

> A valid injury in fact; which is traceable to the conduct of Defendants (Green and GG Homes); and is likely to be redressed by a favorable judicial decision. See, *Spokeo, Inc. v. Robins*, 578 U.S.____(2016) at 6, and *Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 560.  In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

**The "Injury in Fact" Prong**

49.    Plaintiff's injury in fact, must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (*Id.).  For an injury to be "concrete," it must be a de facto injury, meaning that it actually exists.   In fact, Plaintiff expressly informed Defendant to cease and desist from all future telemarketing on the very first call and text.  Such calls and texts are a nuisance, an invasion of privacy, and an expense to Plaintiff in multiple ways. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). Defendant's invasion of Plaintiff's right to privacy is further exacerbated by the fact that Plaintiff's phone number, at all times relevant to this litigation, was on the National Do-Not-Call Registry ( hereinafter, "DNC Registry").  As well, Plaintiff had no prior business relationship with Defendant prior to receiving the seriously harassing and annoying calls by GG Homes.   All of Plaintiff's injuries are

concrete and de facto.  For an injury to be "particularized" means that the injury

must "affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins,*

135 S.Ct. 1540, *578 U.S. ___ (2016)* at 14.  In the instant case, it was Plaintiff's

phone that was called and it was Plaintiff who answered the calls and read the text

messages.  It was Plaintiff's personal privacy and peace that was invaded by

Defendant's  persistent phone calls and text messages using an ATDS and a pre-

recoded message, despite Plaintiff having no prior business relationship with

Defendant and Plaintiff's attempt to avoid the damage by personally registering his

own number on the DNC Registry at www.donotcall.gov.

### The "Traceable to the Conduct of Defendant" Prong

50.    The second prong required to establish standing at the pleadings phase is

that Plaintiff must allege facts to show that their injury is traceable to the conduct

of Defendant.  In the instant case, this prong is met by the fact that the calls and

text messages to Plaintiff's cellular phone were placed either by Defendant

directly, or by Defendant's agent at the express direction and control of Defendant.

### The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong

51.    The third prong to establish standing at the pleadings phase requires Plaintiff

to allege facts to show that the injury is likely to be redressed by a favorable

judicial opinion.  In the present case, Plaintiff's Prayers for Relief includes a

request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. §227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.  Nothing more is needed under the law.

52.     "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*. at 1548 (quoting *Lujan*, 504 U.S. at 560).  The Supreme Court noted that concreteness is quite distinct from particularization. *Id*.  An injury is "particularized" if it affects "the plaintiff in a personal and individual way." *Id*.  In addition, for an injury to be "concrete", it must be "de facto," meaning that it is "real" and not "abstract." *Id*. However, an injury need not be "tangible" in order to be "concrete," and intangible injuries may constitute injury in fact. *Id*. at 1549.  In order to determine whether an intangible harm constitutes injury in fact, *Spokeo* provided two factors to be considered: "history and the judgment of Congress." *Id*. at 1549. Specifically, "(1) whether the statutory violation bears a 'close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' and (2) congressional judgment in establishing the statutory right, including whether the statutory right is substantive or procedural." *Matera v. Google*, No. 15cv 4062-LHK, 2016 WL 5339806, at *9 (N.D. Cal. Sept. 23, 2016).

*Spokeo* also held that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Spokeo*, 136 S. Ct. at 1549.   In such a case, a plaintiff "need not allege any additional harm beyond the one [the legislature] has identified." *Id*.

53.    Here, Plaintiff alleges that Defendant GG Homes contacted him using a "telephone dialing system."   The calls and the text messages are solicitation advertisements:  they advertise Defendant GG Homes real estate flipping services. Additionally, Plaintiff declares that he has never heard of Defendant GG Homes, never visited any location operated by said Defendant prior to the harassing and annoying calls or the harassing and annoying text messages, nor provided his cellular telephone number to Defendant or consented to receive calls from Defendant.

54.    In Plaintiff's case, the allegations establish that he did not give prior express consent.  He declared that he was "the regular user and subscriber to the cellular telephone number at issue."  He also declared that he has "never heard of [Defendants GG Homes], visited any location operated by [Defendant].  As in *Greenrkchyan*, these allegations are sufficient to support Plaintiff's claims that he did not give prior express consent authorizing Defendant to send the prerecorded or preprinted spam text messages, nor to use an ATDS to make any consented calls.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b).

55.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-54.

56.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

57.     As a result of Defendant's negligent violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227 (b)(3)(B).

58.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

59.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-54.

60.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited

to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

61.     As a result of Defendant's  knowing and/or willful violations of 47 U.S.C. §227(b), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b) )(3)(C).

62.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

63.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-54.

64.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one  of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227 (c)(5).

65.     As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

66.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct

in the future.

## FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

67.    Plaintiff repeats and incorporates by reference into this cause of action the

allegations set forth above at Paragraphs 1-54.

68.    The foregoing acts and omissions of Defendant constitute numerous and

multiple knowing and/or willful violations of the TCPA, including but not limited

to each and every one of the above cited provisions of 47 U.S.C. § 227(c), in

particular 47 U.S.C. § 227 (c)(5).

69.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §

227(c), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each

and every violation, pursuant to 47 U.S.C. §227(c)(5).

70.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct

in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant GG Homes for the

following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendant's  negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C.  227(b)(3)(B).
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request treble damages, as provided by statute, up to$1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).
- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. §227(c)

- As a result of Defendant's negligent violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C.  227(c)(5).
- Any and all other relief that the Court deems just and proper.

## FOURTH CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(c)

- As a result of Defendant's  willful and/or knowing violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to and request treble damages, as provided by

statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(c)(5).

- Any and all other relief that the Court deems just and proper.

Respectfully submitted the 5th day of February, 2021.

Glenn Wilbor,
Plaintiff  pro se

```
DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS127422
Cashier ID: afuller
Transaction Date: 02/05/2021
Payer Name: Glenn Wilbor
------------------------------------
CIVIL FILING FEE- NON-PRISONER
 For: Glenn Wilbor
 Case/Party: D-CAS-3-21-CV-000226-001
 Amount:        $402.00
------------------------------------
CHECK
 Check/Money Order Num: 19-110726647
 Amt Tendered:  $402.00
------------------------------------
Total Due:      $402.00
Total Tendered: $402.00
Change Amt:     $0.00



There will be a fee of $53.00
charged for any returned check.
```



**MONEY ORDER RECEIPT - NON NEGOTIABLE**

AGT 738439 LOC 013644 DT 020521 $402.00 4HUNDRED2DOLLARS AND NO CENTS

Payable to:
**RETAIN THIS MONEY ORDER RECEIPT. IT MUST BE INCLUDED WITH ALL REFUND REQUESTS. BE SURE TO READ IMPORTANT INFORMATION BELOW AND ON BACK.** For your own records, it is recommended that you make a photocopy of the completed Money Order before providing it to the receiver.
**PURCHASE AGREEMENT:** You the purchaser agree that Western Union Financial Services Inc. (WUFSI) need not stop payment on, or replace, or refund a lost or stolen WUFSI Money Order unless (1) you fill in the face of the Money Order at the time of purchase, and (2) you report the loss or theft to Western Union Financial Services Inc. in writing immediately, and (3) You provide WUFSI with this original Money Order receipt issued by Western Union Financial Services Inc., Englewood, Colorado. For customer service, call 1-800-999-9660.

✱ 1 9 1 1 0 7 2 6 6 4 7 ✱

LOAD THIS DIRECTION, THIS SIDE UP

LOAD THIS DIRECTION, THIS SIDE UP