UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN WILBOR,<br><br>                              Plaintiff,<br>v.<br>GG HOMES, INC.,<br><br>                              Defendant. | Case No.: 21cv226-LL-BGS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**[ECF No. 8]** |

      Defendant GG Homes, Inc. ("GG Homes") moves to dismiss with prejudice Plaintiff's First Amended Complaint ("FAC") under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(f). ECF No 8. Plaintiff, proceeding pro se, filed a response in opposition, [ECF No. 11], and GG Homes filed a reply, [ECF No. 12]. The motion is suitable for submission without the need for oral argument. For the below reasons, the motion is **GRANTED**.

**I.     BACKGROUND**

      In his FAC, Plaintiff alleges GG Homes, using an automatic telephone dialing system ("ATDS"), solicited him without his consent by sending the following spam text message to his personal cell phone ending in 0541:

      Hi Glenn, I'm an investor and contractor in San Diego. Do you have any off-

> market deals or packet listings that might make a good "fix and flip" project? We're buying aggressively in 2021 and you can double end or even triple end the deal! - Eric @ GG Homes.

ECF No. 6 ¶ 10. Plaintiff alleges the text message was sent on February 13, 2020, September 29, 2020, October 10, 2020, and January 31, 2021. *Id.* ¶ 14. Plaintiff alleges he put the 0541 number on the National Do-Not-Call Registry ("the DNC Registry") more than 31 days prior to the first text. *Id.* ¶ 20.

In his FAC, Plaintiff brings claims for: (1) negligent violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b); (2) knowing and/or willful violation of the TCPA, 47 U.S.C. § 227(b); (3) negligent violation of the TCPA, 47 U.S.C. § 227(c)(5); and (4) knowing and/or willful violation of the TCPA, 47 U.S.C. § 227(c)(5). Plaintiff seeks statutory and treble damages, and injunctive relief. On January 5, 2022, after GG Homes filed the instant motion, the case was transferred to the below signed district judge. ECF No. 20.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may seek to dismiss a complaint for lack of jurisdiction over the subject matter. A federal court is one of limited jurisdiction. *See Gould v. Mut. Life Ins. Co. v. New York*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 95 (1998). When considering a Rule 12(b)(1) motion to dismiss, the district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. *See Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In such circumstances, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quoting *Thornhill Publishing Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). Plaintiff, as the party seeking to invoke

jurisdiction, has the burden of establishing that jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The court will presume a lack of jurisdiction until the pleader proves otherwise. *See id.*

### B.     Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court may dismiss a complaint as a matter of law for: "(1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for the court to assume "the [plaintiff] can prove facts [he or she] has not alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

## III.    DISCUSSION

### A.     Standing

#### 1.     Injury in Fact

GG Homes first argues the FAC should be dismissed under Rule 12(b)(1) because Plaintiff cannot satisfy the injury in fact requirement for standing because "he has no privacy interest in a business number he publicizes online to solicit business inquiries."

ECF No. 8-1 at 13. In order to have standing to bring a claim in federal court "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citations omitted). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* (citation omitted). The injury in fact must be concrete and particularized, actual or imminent, and not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). An injury is particularized when it "affect[s] the plaintiff in a personal and individual way." *Id.* at 560 n.1. A concrete injury may be tangible or intangible. *Spokeo*, 136 S. Ct. at 1549. "In determining whether an intangible harm constitutes injury in fact," Congress' judgment is both "instructive and important" as it "may elevate to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law." *Id.*

GG Homes asks the court to consider various documents mostly consisting of internet advertisements suggesting, in direct contrast to the Plaintiff's allegations, that Plaintiff invited the text messages.[1] ECF No. 8-1 at 14 n.3. GG Homes recently made the same request in a similar case brought by a different pro se plaintiff. *See Gross v. GG Homes, Inc.*, No. 21-cv-00271-DMS-BGS, 2021 WL 2863623, at *4 (S.D. Cal. July 8, 2021), *on reconsideration*, 2021 WL 4804464 (S.D. Cal. Oct. 14, 2021). In *Gross*,[2] Judge

---

[1] To the extent GG Homes requests that the Court take judicial notice of these documents, [*see* ECF No. 8-1 at 13 n.3], for the reasons stated herein, the request is **DENIED**.

[2] *Gross* was decided on July 8, 2021. ECF No. 14. On July 9, 2021, Plaintiff requested that the Court take judicial notice of Judge Sabraw's decision denying GG Home's motion to dismiss. *Id.* On October 14, 2021, however, Judge Sabraw, upon reconsideration, granted GG Home's motion to dismiss under Rule 12(b)(6). *See Gross*, 2021 WL 4804464. Accordingly, Plaintiff's motion to take judicial notice of *Gross* [ECF No 14] is **GRANTED**. *See Wilson v. Rater8, LLC*, No. 20-cv-1515-DMS-LL, 2021 WL 4865930, at *3 n.4 (S.D. Cal. Oct. 18, 2021) (relying on the decision on reconsideration in *Gross*).

Sabraw declined to recognize "extrinsic evidence of [p]laintiff's business practices and purported public listing of her phone number online to demonstrate that she consented to [GG Homes'] calls and texts." *Id*. As was the case in *Gross*, GG Homes mounts a factual attack on the FAC by asking the Court to consider similar extrinsic evidence that Plaintiff consented to receiving the text messages. Here, Plaintiff's consent is an element of his TCPA claim and is also the basis of GG Homes' jurisdictional challenge. As such, this factual issue is too intertwined with GG Homes' jurisdictional argument to be resolved at the motion to dismiss stage. *Id*. (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1041 (9th Cir. 2004) and *Aleisa v. Square, Inc.*, 493 F. Supp. 3d 806, 813 (N.D. Cal. 2020)).

GG Homes also argues that Plaintiff lacks standing to bring two of his claims (counts III and IV) that are based on his alleged registration of the 0541 number with the DNC registry because "his number was not registered on the DNC Registry at the time the texts were allegedly sent, contrary to his pled allegations." ECF No. 8-1 at 13. Again, however, GG Homes relies on extraneous evidence to support this argument that would require the Court to make factual determinations that are more appropriately resolved on summary judgment. Accordingly, GG Homes' motion to dismiss on the grounds that Plaintiff did not suffer an injury in fact because he consented to receiving calls and texts, and did not timely register his cell phone number with the DNC Registry, is **DENIED**.[3]

---

[3] In his response in opposition, which was filed over a week late, Plaintiff does not directly or substantively address any of GG Homes' arguments. *See* S.D. Cal. CivLR 7.1.f.3.c ("If an opposing party fails to [timely] file the papers . . . , that failure may constitute a consent to the granting of a motion or other request for ruling by the Court.") Instead, Plaintiff's argument merely incorporates the allegations in his FAC. ECF No. 11 ("The FAC is . . . . incorporated by this reference as if fully set forth herein, including all the case law stated. Why repeat it again here."). While GG Homes argues that this should be interpreted as a concession, [*see* ECF No. 12 at 6-7], pro se plaintiffs "must be held to less stringent standards" and their filings must be "liberally construed," *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Accordingly, Plaintiff's failure to timely file an opposition to, or substantively address, GG Homes' arguments is not sufficient grounds, by itself, to dismiss the case.

## 2. Traceability and Redressability

GG Homes also argues that Plaintiff's alleged harm does not meet the traceability or redressability requirements for standing. ECF No. 8-1 at 21. To confer constitutional standing, an injury must also be "fairly traceable to the challenged action of the defendant," and it must be "likely . . . . that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 560–61. GG Homes argues:

> Plaintiff fails to plead any plausible non-conclusory facts showing, inter alia, (i) his purported "harm" is traceable to GG's use of an ATDS to send the texts at issue or a DNC Registry violation by GG (and, instead, he pleads facts to the contrary); (ii) any conduct specifically attributable to GG (and, instead, he conflates the conduct of GG with multiple non-parties); (iii) any basis for concluding the parties who texted him were actually GG's "agents" or "employees"; (iv) there is any relationship between GG and any third party involved; or (v) what control, if any, GG had over those third parties.

ECF No. 21, 22.

This is the same argument GG Homes made before Judge Sabraw in *Gross*. *See* 21-cv-271, ECF No. 6-1 at 20 (Apr. 12, 2021). As was the case in *Gross*, the Plaintiff here alleges, albeit inconsistently and without any additional factual support, that GG Homes called his phone, that his phone was listed in the DNC Registry, and that GG Homes used an ATDS without his consent. At this stage in the litigation, and with respect to GG Homes' standing argument, these allegations are sufficient, for now, to establish traceability and redressability. *See Gross*, 2021 WL 2863623, at *4 (citing *Romero v. Dep't Stores Nat'l Bank*, 725 F. App'x 537, 539 (9th Cir. 2018)). Accordingly, GG Homes' motion to dismiss on the grounds that Plaintiff's alleged injury in fact is not traceable or redressable is **DENIED**.

### B. Statutory Standing

GG Homes also argues the FAC should be dismissed under Rule 12(b)(6) for lack of statutory standing. ECF No. 8-1 at 22-25. Under the doctrine of statutory standing, a "statutory cause of action extends only to plaintiffs whose interests fall within the zone of interests protected by the law invoked." *Lexmark Int'l, Inc. v. Static Control Components,*

*Inc.*, 572 U.S. 118, 129 (2014) (citation and quotation marks omitted). "Whether a plaintiff comes within 'the zone of interests' is an issue that requires [courts] to determine, using traditional tools of statutory interpretation, whether a legislatively conferred cause of action encompasses a particular plaintiff's claim." *Id.* at 127. In applying this zone of interest test, courts "do not ask whether . . . . Congress should have authorized [plaintiff's] suit, but whether Congress in fact did so." *Id.* at 128. The test "is not meant to be especially demanding; in particular, there need be no indication of congressional purpose to benefit the would-be plaintiff." *Clarke v. Sec. Indus. Ass'n*, 479 U.S. 388, 399–400 (1987).

GG Homes argues that Plaintiff lacks statutory standing because the TCPA does not prohibit solicited business communications. ECF No. 8-1 at 22–25. GG Homes argues "Plaintiff got exactly what he wanted. He advertised his cell number as the contact number for his real estate businesses. Predictably, he allegedly received text messages that, on their face, are from a prospective real estate investor asking if Plaintiff, a licensed real estate broker, has any unlisted properties for sale." *Id.* at 24.

As was the case in *Gross*, Plaintiff's allegation that GG Homes texted his phone using an ATDS without his consent falls within the zone of interests protected by the TCPA's ATDS provisions because: (1) TCPA does not distinguish between telemarketing calls and calls to businesses, or between personal cellular telephones or cellular telephones used for business; (2) the statute provides that "any person or entity" may bring a cause of action for a violation, 47 U.S.C. § 227(b)(3); and (3) in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167 (2021), the Court stated that Congress passed the TCPA to address the proliferation of intrusive calls to consumers "and businesses" from telemarketers. *See Gross*, 2021 WL 2863623, at *5.

Additionally, Plaintiff's allegations that GG Homes texted his phone despite being on the DNC Registry falls within the TCPA's zone of interests protected by the TCPA's DNC Registry provision because: (1) the FCC regulation prohibiting "any telephone solicitation to . . . . a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry," 47 C.F.R. § 64.1200(c)(2), applies "to any

person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers," *id.* § 64.1200(e); (2) the regulation defines "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." *id.* § 64.1200(f)(15); and (3) this definition does not distinguish between solicitation to businesses and to consumers.[4] Accordingly, GG Homes' motion to dismiss on the grounds that Plaintiff lacks statutory standing is **DENIED**.

### C.  Direct or Vicarious Liability

GG Homes also argues that Plaintiff's TCPA claims should be dismissed because they lack sufficient factual allegations supporting an inference that GG Homes, and not some other party or non-party, actually made or initiated the phone calls or texts at issue. ECF No. 8-1 at 26. To be liable under the TCPA, a defendant must "make" or "initiate" the call or text at issue. 47 U.S.C. §§ 227(b)(1)(A)(iii), 227(c)(5); 47 C.F.R. §§ 64.1200(a)(1)(iii), 64.1200(c)(2). Here, Plaintiff alleges that "GG Homes 'physically' sent the text messages and placed the unauthorized calls at issue in this lawsuit." FAC ¶ 17. Plaintiff also alleges that "President and CEO Paul Eric Green both told his GG Homes employee orally and Paul Green sent an email to his GG Homes employee in writing, thus directing, commanding and ordering them to call and text Plaintiff to see if he would buy Defendant's services." *Id.* These allegations, when liberally construed and viewed under the less stringent standard for pro plaintiffs, are sufficient to support Plaintiff's claim that GG Homes made or initiated the texts at issue. Accordingly, GG Homes' motion to dismiss on the grounds that Plaintiff failed to sufficiently plead direct or vicarious liability is **DENIED**.

---

[4] GG Homes' argument that Plaintiff lacks statutory standing is, again, dependent on its argument that that Plaintiff's cell phone was used for business purposes and that he solicited the text messages, which would require to the Court to consider extrinsic evidence. *See Ngheim v. Dick's Sporting Goods, Inc.*, 222 F. Supp. 3d 805, 812–13 (C.D. Cal. 2016).

### D. ATDS

GG Homes also argues that Plaintiff's claims for negligent and knowing and/or willful violations of the TCPA under 47 U.S.C. § 227(b) should be dismissed under Rule 12(b)(6) because he fails to sufficiently allege the use of an ATDS. ECF No. 8-1 at 29–31. To state a claim under 47 U.S.C. § 227(b)(1)(a), a plaintiff must plausibly allege that the defendant called a cell phone using an ATDS without the recipient's prior express consent. *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). To qualify as an ATDS, "a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Duguid*, 141 S. Ct. at 1167.

As noted above, Plaintiff concedes the text messages at issue were addressed to him by name. As multiple district courts have found, "[t]he targeted nature of the underlying texts contradicts the notion that Plaintiff's telephone number could have been produced through a random or sequential number generator." *See Gross*, 2021 WL 4804464, at *3 (listing cases). In his FAC, Plaintiff alleges "Defendant used either a Vicidial, or a FiveNine dialer or an ATDS dialer that has the ability to change text within each messages." FAC ¶ 7. Plaintiff explains:

> Upon information and belief, GG Homes has duped a local Title Company into selling it lists of home owners with phone numbers within specified geographical neighborhoods within San Diego that they wish to target. Then they upload numbers into their ATDS "Vicidialer" and blast out spam text messages to entire neighborhoods.

*Id.* ¶ 35. Plaintiff further alleges that he "even has one of these devices that allows him to do exactly what Defendant has done." *Id.* ¶ 7.

These allegations, upon which Plaintiff relies in his opposition, essentially admit that the device allegedly used by GG Homes does not randomly or sequentially generate phone numbers because it requires numbers to be targeted from a particular source then uploaded

from a list.[5] *See Pascal v. Concentra, Inc.*, Case No. 19-cv-02559-JCS, 2021 WL 5906055, at *8 (N.D. Cal. Dec. 14, 2021) (finding, as a matter of law, that defendant did not use an ATDS because plaintiff did not dispute that the text messages were merely stored, not produced, using a random or sequential number generator). Plaintiff's allegation that he was contacted by a live person named Eric also supports a finding that his number was specifically targeted and not randomly or sequentially generated. *See id.* ¶ 34. Based on Plaintiff's allegations, it is not plausible that GG Homes sent the texts using an ATDS. Accordingly, GG Homes' motion to dismiss Plaintiff's claims for negligent and knowing and/or willful violations of the TCPA under 47 U.S.C. § 227(b) (counts I and II) is **GRANTED**.

### E. Telephone Solicitation

GG Homes also argues that Plaintiff's claims for negligent and knowing and/or willful violations of the TCPA under 47 U.S.C. § 227(c)(5) should be dismissed under Rule 12(b)(6) because Plaintiff does not sufficiently allege a telephone solicitation. ECF No. 81 at 34. TCPA regulations prohibit "telephone solicitation" to any "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons." 47 C.F.R. § 64.1200(c)(2). A "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(14). GG Homes argues "the alleged texts sought to hire him as a realtor in connection with a potential real estate purchase" and "[o]ffering to hire someone is not encouraging him to purchase, rent, or invest in property, goods, or services." ECF No. 8-1 at 34–35.

The texts at issue are inquiries as to whether Plaintiff had any "off-market deals or packet listings that might make a good 'fix and flip' project" because the sender was

---

[5] In *Gross*, the plaintiff similarly alleged the device GG Homes used "has the capability to insert a new name for each person [to whom] it sends spam text messages" and "the capacity to store numbers and dial them automatically." *See* 2021 WL 2863623, at *7.

"buying aggressively." ECF No. 6 ¶ 10. These are offers for the purpose of procuring property, not "encouraging the purchase" of property. *See Gross*, 2021 WL 2863623, at *8 (relying on *Freyja v. Dun & Bradstreet, Inc.*, No. CV 14-7831 DSF (MRWx), 2015 WL 6163590, at *2 (C.D. Cal. Oct. 14, 2015)). Based on Plaintiff's allegations, it is not plausible the text messages allegedly received by Plaintiff constituted a "telephone solicitation" under the TCPA. Accordingly, GG Homes' motion to dismiss Plaintiff's claims for negligent and knowing and/or willful violations of the TCPA under 47 U.S.C. § 227(c) (counts III and IV) is **GRANTED**.[6]

### IV.  CONCLUSION

GG Homes' motion to dismiss Plaintiff's claims under Rule 12(b)(1) and based on of a lack of direct or vicarious liability, is **DENIED**. GG Homes' motion to dismiss Plaintiff's claims under Rule 12(b)(6) is **GRANTED**. Plaintiff's motion to strike under Rule 12(f) is **DENIED as moot**. With respect to leave to amend, a "party cannot amend pleadings to 'directly contradic[t] an earlier assertion made in the same proceeding.'" *Airs Aromatics, LLC v. Opinion Victoria's Secret Store Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (citation omitted); *see also Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (dismissal of a pro se complaint with prejudice is proper where it is "absolutely clear" that the deficiencies of the complaint could not be cured by amendment). Here, it is absolutely clear that Plaintiff cannot cure the deficiencies in the FAC without contradicting

---

[6] GG Homes also argues that Plaintiff's claims under § 227(c) fail because (1) "Plaintiff's phone number ending in 0541 was not registered at the time he allegedly received text messages to that number," and (2) "Plaintiff does not allege any specific non-conclusory facts supporting an inference that GG 'physically' sent the texts or that GG was in a common law agency relationship with a third party that did." ECF No. 8-1 at 34. However, these arguments have already been rejected above, and were rejected in *Gross*. GG Homes also argues that "Section 227(c) applies only to subscribers of 'residential' phones, not all cell phones or business numbers." *Id.* at 35. Because this argument relies on extrinsic evidence the Court has already declined to consider on a motion to dismiss, it does not serve as an additional reason to dismiss Plaintiff's claims at this stage.

his current allegations. Therefore, his motion for leave to file a second amended complaint is **DENIED** as futile. *See Brickman v. Facebook, Inc.*, No. 16-cv-00751-WHO, 2021 WL 4198512, at *4 (N.D. Cal. Sept. 15, 2021) (denying leave to amend after finding failure to sufficiently plead use of ATDS). As a result, all of Plaintiff's claims in his FAC are **DISMISSED without leave to amend**. The Clerk of Court is directed to close the case.

IT IS SO ORDERED

Dated: March 22, 2022

_____
Honorable Linda Lopez
United States District Judge